**SO ORDERED.**

**SIGNED this 01 day of April, 2009.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | ) | |
|---|---|---|
| IN RE: | ) | |
| LACY HARRIS | ) | CASE NO. 06-01737-5-ATS |
| DEBTOR. | ) | CHAPTER 13 |
| | ) | |

**CONSENT ORDER
RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY**

     **THIS CAUSE** coming on to be heard before the undersigned Bankruptcy Judge, and it appearing to the Court that Chase Home Finance, LLC (hereinafter "Creditor"), and the Debtor have agreed and consented to the entry of this Order allowing the conditional relief from the automatic stay pursuant to the agreement of the parties as set forth below:

     **NOW THEREFORE**, with the agreement and consent of the parties, the Court makes the following:

**FINDINGS OF FACT**

1.    On October 29, 2006, Lacy Harris (hereinafter "Debtor"), filed a petition with the Bankruptcy Court in the Eastern District of North Carolina under Chapter 13 of Title 11 of the United States Code.

2. On the date the petition was filed, the Debtor was the owner of real property located at 5412 Baywood Forest Drive, Knightdale, North Carolina 27545 (hereinafter "Property").

3. The Property is subject to the first lien of the Creditor by a Deed of Trust recorded in the Wake County Public Registry ("Deed of Trust").

4. Said Deed of Trust secures a Note in the original principal amount of $22,500.00.

5. The Debtor has defaulted in mortgage payments to be made outside of the Plan. The amount of the default as of March 27, 2009, is $1,174.48. A breakdown of the arrearages is as follows:

| | |
|---|---|
| 4 payments @ $293.62<br>12/08-3/09 | $1,174.48 |
| **Total Delinquency** | **$1,174.48** |

6. The failure to make regular monthly payments under the Note is a violation of 11 U.S.C. §1322 (b)(2).

7. The Creditor and the Debtor have agreed and consented to entry of this Order as shown by the signatures of counsel for the parties appearing below.

**NOW THEREFORE,** by virtue of the law and by reason of the premises aforesaid, and the consent of the parties, it is Ordered, Adjudged and Decreed as follows:

A. The Debtor shall resume regular monthly mortgage payments (currently $293.62) to the Creditor beginning with the April 1, 2009 payment and continuing each month thereafter as said mortgage payments come due pursuant to the Note and Deed of Trust.

B. The Debtor shall cure the post-petition arrearage of $1,174.48 by submitting an additional payment in the amount of $195.75 each month beginning April, 2009 and continuing with a like payment each month through and including September, 2009.

C. In the event the Debtor shall fail to make any payments required by Paragraphs A and B, on or before thirty (30) days after such payment first comes due, the Creditor shall be deemed to have relief from the automatic stay in order to pursue any remedies it may have against its collateral pursuant to applicable state law without the necessity of further notice or hearing in order that Chase Home Finance, LLC, or any successor-in-interest shall be allowed to proceed to foreclosure under the Deed of Trust referred to above. This default provision shall expire six (6) months after the entry of this Order.

D. In the event that a default does occur, Creditor shall be entitled to collect all attorney fees and costs incurred in connection with such default. In the event that this

case is dismissed or discharged, Creditor shall be free to enforce its legal remedies notwithstanding this Stipulation.

E.    The automatic stay will be modified immediately upon the Debtor's default and the 10 day waiting period pursuant to Rule 4001 will not apply.

F.    The Creditor's Attorney fees and costs of $650.00 shall be added to the Chapter 13 Plan with the Trustee to modify the Plan as necessary to accommodate this additional claim.

G.    The Debtor's Attorney shall be allowed a presumptive non-base fee of $150.00 which shall be added to the Chapter 13 Plan with the Trustee to modify the Plan as necessary to accommodate this additional claim.

H.    In the event that relief occurs pursuant to the default provisions of the Order, Creditor will have 120 days therefrom to file any amended or other proof of claim for deficiency related to the indebtedness which is the subject of this Order.

/s/ Sean M. Corcoran
BROCK & SCOTT, PLLC
Sean M. Corcoran
Attorney for Creditor


/s/ Timothy Peterkin
TIMOTHY PETERKIN
Attorney for Debtor


/s/ John F. Logan
JOHN F. LOGAN, Trustee
No Objection


END OF DOCUMENT